CYNTHIA L. JOHNSON, (Bar No. 014492)
LAW OFFICE OF CYNTHIA L. JOHNSON
11640 East Caron Street
Scottsdale, AZ 85259
Phone: (480) 381-7929

Email: cynthia@jsk-law.com

*Attorney for Movant/Secured Creditor*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **In Re:** | **Chapter 11** |
| **K M & DOUBLE T ENTERPRISES, LLC,** | **Case No. 3:19-bk-12142-BKM** |
| **Debtor.** | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| CAPITAL FUND I, LLC AND CAPITAL FUND II, LLC,<br>Movant<br>vs<br>K M & DOUBLE T ENTERPRISES, LLC, d/b/a HYDRO TOWING, *Debtor*; K M & DOUBLE T ENTERPRISES, LLC, *Debtor in Possession*,<br>Respondents. | (2608 South Lantis Lane, Camp Verde, Arizona 86322; 453 South 3rd Street, Camp Verde, Arizona 86322; 3226 East Mocking Bird Lane, Camp Verde, AZ 86322; 478 South Nichols Street, Camp Verde, Arizona 86322; and 493 South Main Street, Camp Verde, Arizona 86322) |

Capital Fund I, LLC and Capital Fund II, LLC, both Arizona Limited Liability Companies (collectively "Capital Fund" or "Movant"), by and through undersigned counsel, and pursuant to Bankruptcy Rules of Procedure, Rules 4001 and 9014, hereby moves this Court for an Order, with respect to certain real property as described herein, lifting all stays and injunctions including the Automatic Stay Bankruptcy Code Section 362(a). Specifically, Movant requests that the Court terminate or modify the

Automatic Stay in regard to real property located at (1) 2608 South Lantis Lane, Camp Verde, Arizona 86322; (2) 453 South 3rd Street, Camp Verde, Arizona 86322; (3) 3226 East Mocking Bird Lane, Camp Verde, AZ 86322; (4) 478 South Nichols Street, Camp Verde, Arizona 86322; and (5) 493 South Main Street, Camp Verde, Arizona 86322 to permit Movant and/or others acting on its behalf to enforce its security interest in certain property in which the Chapter 11 Estate may have an interest, including the right to foreclose upon such property and/or to otherwise acquire title thereto.

Movant requests this Court find that cause exists pursuant to 11 U.S.C. §362(d)(1) because the Notes at issue have matured, and Debtor has failed to keep Movant current with monthly adequate protection payments.

This motion is made pursuant to Section 362(d)(1) of the Bankruptcy Code and based upon the attached Memorandum of Points and Authorities and all pleadings and records on file in this case and on such further oral, documented and demonstrative evidence and arguments of counsel as may be submitted before or at the hearing on this Motion. Movant reserves the right to supplement this Motion pursuant to Section 362(d)(2) as the information becomes available.

RESPECTFULLY SUBMITTED this 27th day of November, 2019.

**LAW OFFICE OF CYNTHIA L. JOHNSON**

By: */s/Cynthia L. Johnson*
Cynthia L. Johnson
*Attorney for Movant*

# MEMORANDUM OF POINTS AND AUTHORITIES

## Jurisdiction and Venue

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §157 (b)(2)(G).

2. Filing this motion commences a contested matter pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.

3. This motion is made pursuant to Code §362(d)(1), as well as Bankruptcy Rules 4001 and 9014, and Local Bankruptcy Rule 4001-1.

4. Venue is proper before this Court, pursuant to 28 U.S.C. §1408 and 1409.

5. Debtor filed the Chapter 11 bankruptcy petition on September 24, 2019 (the "Petition Date").

## THE PARTIES/BACKGROUND

6. On or about July 19, 2017, Debtor borrowed $280,000.00 from Capital Fund I, LLC. Debtor executed a 1-Year Interest-only (11.25%) Promissory Note in favor of Capital Fund I, LLC, agreeing to repay the entire unpaid principal balance and accrued interest on August 1, 2018. A copy of the Original Promissory Note is attached hereto as Exhibit A and incorporated by this reference (the "1st Note").

7. To secure the payment of the Note, Debtor granted Capital Fund I, LLC a security interest in real property through a 1st Deed of Trust and Assignment of Rents which was perfected by recording with the Recorder's Office of Yavapai County, Arizona, on July 25, 2017, at Recorder No. 2017-37713 (the "1st Deed of Trust"). The Deed of Trust encumbers one (1) Parcel of real property located at 2608 S. Lantis Ln.,

Camp Verde, AZ 86322 (the "Real Property at Lantis"), which are legally described on the Deed of Trust. A Copy of the Deed of Trust is attached as Exhibit B and hereby incorporated by this reference.

8. On August 1, 2017 both the Note and the Deed of Trust were endorsed and assigned, respectively to Capital Fund II, LLC. A copy of the Assignment was recorded with the Recorder's Office of Yavapai County, Arizona, at Recorder No. 2017-0041267 (the "Assignment"). A copy of the Assignment is attached as Exhibit C and incorporated by this reference. The Note, Deed of Trust and Assignment may be referred together as the "1st Loan Documents."

9. On or about February 7, 2019, Debtor borrowed $251,000.00 from Capital Fund I, LLC. Debtor executed a 6-Month Interest-only (11.25%) Promissory Note in favor of Capital Fund I, LLC, agreeing to repay the entire unpaid principal balance and accrued interest on September 1, 2019. A copy of the Original Promissory Note is attached hereto as Exhibit D and incorporated by this reference (the "2nd Note").

10. To secure the payment of the Note, Debtor granted Capital Fund I, LLC a security interest in real property through a 1st Deed of Trust and Assignment of Rents with Security Agreement and Financing Statement (Fixture Filing) which was perfected by recording with the Recorder's Office of Yavapai County, Arizona, on February 14, 2019, at Recorder No. 2019-0006950 (the "2nd Deed of Trust"). The Deed of Trust encumbers four (4) Parcels of real property located at: (1) 453 S. 3rd Street, Camp Verde, AZ 86322; (2) 32226 E. Mocking Bird Lane, Camp Verde, AZ 86322; (3)

478 South Nichols Street, Camp Verde, Arizona 86322; and (4) 493 South Main Street, Camp Verde, Arizona 86322 (the "Real Property"), which are legally described on the Deed of Trust. A Copy of the Deed of Trust is attached as Exhibit E and hereby incorporated by this reference.

11. On February 19, 2019 both the Note and the Deed of Trust were endorsed and assigned, respectively to Capital Fund II, LLC. A copy of the Assignment was recorded with the Recorder's Office of Yavapai County, Arizona, at Recorder No. 2019-0119557 (the "Assignment"). A copy of the Assignment is attached as Exhibit F and incorporated by this reference. The Note, Deed of Trust and Assignment may be referred together as the "2nd Loan Documents."

13. Both Notes fully matured prior to the Petition Date and Debtor remains in default. Interest, late charges, attorneys' fees and costs continue to accrue, pursuant to the Loan Documents.

14. Both the 1st and 2nd Deeds of Trust have an Assignments of Rents clause which grants and perfects a lien and secured interest in favor of Capital Fund. It encumbers all of the Real Property and all present and future leases and rents relating to or arising therefrom. *See*, 1st and 2nd Deeds of Trust, Exhibits B and E, respectively.

15. Debtor avowed in both the 1st and 2nd Deeds of Trust that these loans were not residential mortgages as defined under 15 U.S.C. § 1602(cc)(5) and would not occupy the property for the purposes of a primary residence at any time. However, the principals of Debtor moved into the Real Property at Lantis. Debtor has

leased the other Real Property and is receiving rent payments as a result. In addition, Debtor may have collected security deposits.

16. Under the Assignment of Rents clause in both the 1st and 2nd Deeds of Trust, Capital Fund is entitled to all present and future leases, rents and revenues from the Real Property ("Revenues") and yet has only received one (1) viable check in the amount of $2,353.13 for the month of October 2019. Debtor sent a second check in the amount of $2,625.00 for the same month. However, the DIP Account had insufficient funds, bounced but was replaced. However, the payments were not sent until the end of October 2019. Debtor has failed to pay the November 2019 payments in accordance with the Loan Documents.

17. Both Notes are in default, accruing interest at the rate of 29%, plus late charges accrue at 10% of the balance owed each month, attorney's fees, and costs continue to accrue and are all due and payable pursuant to the Loan Documents.

18. The outstanding debt as of the post petition default is itemized as follows:

| 1st NOTE | | 2nd NOTE | |
|---|---|---|---|
| Principal Balance | $ 280,000.00 | Principal Balance | $ 251,000.00 |
| Interest | $ 54,358.89 | Interest | $ 54,390.31 |
| Late Fees | $ 4,999.19 | Late Charges | $ 4,852.64 |
| Past Due Default | $ 8,747.50 | Past Due Default | $ 7,796.69 |
| Assurance Payment | $ <2,625.00> | Other Fees | $ 75.00 |
| Other Fees | $ 125.00 | Assurance Payment | $ <2,353.13> |
| Attorney's fees | $ 2,500.00 | | |
| **Total Due 12/1/19** | **$ 348,055.58** | **Total Due 12/1/19** | **$ 315,761.51** |
| Per diem $225.56 | | Per diem $202.19 | |

Debtor's interest in the Real Property is subject to Movant's lien, which will be satisfied only upon payment of the amount stated above, plus accruing post-petition interest, late charges, attorney's fees and foreclosure Trustee Fees.

14. Debtor has failed to procure and/or provide property insurance on the Real Property consistent both Deeds of Trust.

**LEGAL ARGUMENT**

**I.    *Cause* Exists to Modify the Stay.**

Section 362(d)(1) of the Bankruptcy Code provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying or conditioning such stay- (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest….

11 U.S.C. §362(d)(1)(emphasis added). What constitutes cause to terminate the stay is determined on a case-by-case basis. *Delaney-Morin v. Day (In re Delaney-Morin),* 304 B.R. 365, 369 (9th Cir. BAP 2003)(citation omitted).

Relief may be granted "for cause" under subsection 362(d)(1), despite the existence of equity in the collateral, which would preclude relief from the stay under 11 U.S.C. section 362(d)(2). *In re Can-Alta Properties, Ltd*, 87 B.R. 89, 91 (9th Cir. BAP 1988). *Cause* exists here because both Notes: (1) matured pre-petition; and (2) Debtor defaulted on the maturity date, September 1, 2019 and appears not to have the ability to make any post-petition payments. 11 U.S.C. §362 (d)(1) provides that the Court *shall* grant relief from the automatic stay for the lack of adequate protection of the

secured creditor's interest in the property. This type of *cause* includes a failure to make monthly mortgage payments after filing a bankruptcy petition. *In re Delaney-Morin*, 304 B.R. 365, 370, fn 3 (9th Cir. BAP 2003), *citing, In re Jones*, 189 B.R. 13 (Bank.E.D.Okla. 1995). Lack of adequate protection exists where the debtor has completely or substantially failed to make post-petition payments. *In re Elmiria Litho, Inc.* 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994) (citations omitted). Likewise, Debtor has to provide proof of property insurance consistent with all the loan documentations. The lack of property insurance is significant and further impair Movant's lien upon and interest in the Property

The lack of assurances by Debtor establish a prima facie case that "cause" for relief exists under 11 U.S.C. §362 (d)(1). The burden therefore, has shifted to the Debtor to show that relief from the stay is unwarranted. *Truebro, Inc. v. Plumberex Specialty Products, Inc. (In re Plumberex Specialty Products, Inc*.) 311 B.R. 551, 557 (Bankr. C.D. Cal. 2014)(citing, *Sonnax Indus., Inc. Tri Component Prods. Corp. (In re Sonnax Indus., Inc*.) 907 F.2d 1280, 1285 (2nd Cir. 1990); *Duvar Apt., Inc. v. Deposit Ins. Corp. (In re Duvar Apt., Inc.),* 205 B.R. 196, 200 (B.A.P. 9th Cir. 1996).

### III. <u>The Burden of Proof</u>.

Movant requesting stay relief has the burden of proof only on the issue of the debtor's lack of equity in the property under §362 (d)(2). *See,* 11 U.S.C. §362 (g)(1). Debtor has the burden of proof with respect to all other issues raised by this Motion. 11 U.S.C. §362 (g)(2); *see also, In re Gauvin,* 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982)("It is

therefore clear that §362 (g) puts the burden on the debtor") accord, *In re Jordan*, 392 B.R. 428, 450 n. 40 (Bankr. D. Idaho 2008).

**WHEREFORE**, Movant respectfully requests that the Court enter an Order in its favor:

A. Granting its Motion for Stay Relief;

B. Terminating and/or modifying the automatic stay to allow Movant or its assignee and entities acting directly for, on its behalf, or pursuant to its instruction to proceed with the enforcement of its claims against the Real Property and the corresponding remedies for enforcement of Movant's rights and remedies, including without limitation, any judicial or non-judicial foreclosure proceeding;

C. Terminating and/or modifying the automatic stay with regard to any subsequent bankruptcy filings by Debtor, or his wife with respect her interest if any in the subject property, in whatever chapter; and

D. Granting Movant such additional and further relief as the Court deems appropriate.

**RESPECTFULLY SUBMITTED** this 27th day of November, 2019.

                                                **LAW OFFICE OF CYNTHIA L. JOHNSON**

                                                By: */s/Cynthia L. Johnson*
                                                Cynthia L. Johnson
                                                Attorney for Movant

COPY of the foregoing mailed or served
via (email* or electronic notification** if so marked)
this 27th day of November, 2019 to:

Clerk of the U.S. Bankruptcy Court
District of Arizona
230 N. 1st Avenue
Suite 101
Phoenix, AZ 85003

With copies mailed or served
via (email or fax* or electronic notification** if so marked):

**Office of the U.S. Trustee
230 N. 1st Avenue
Suite 204
Phoenix, AZ 85003

*Allan D. NewDelman, Esq.
80 E. Columbus Avenue
Phoenix, AZ 85012
anewdelman@adnlaw.net
*Attorney for Debtor*

K M & Double T Enterprises, LLC
2608 S. Lantis Lane
Camp Verde, AZ 86322
Debtor in Possession

Arizona Department of Revenue
Tax Bankruptcy & Collections
2005 N. Central Avenue
Phoenix, AZ 85004

CCJB Rainbow Adventures
6101 E. Coury Drive
Suite 14
Camp Verde, AZ 85322

| | |
|---|---|
| 1 | Celtic Bank Corp/Square |
| | 1455 Market Street |
| 2 | Suite 600 |
| | MSC 715 |
| 3 | San Francisco, CA 94103 |
| 4 | |
| | Cintas |
| 5 | c/o Robert Butler Esq. |
| | 1617 E. Pinchot Ave |
| 6 | Phoenix, AZ 85016-7621 |
| 7 | |
| | Diesel Direct |
| 8 | P.O. Box 31086 |
| 9 | Stockton, CA 95213 |
| 10 | |
| | Heather Dimmick |
| 11 | 2608 S. Lantis Lane |
| | Camp Verde, AZ 86322 |
| 12 | |
| | Internal Revenue Service |
| 13 | Centralized Insolvency Operations |
| 14 | P.O. Box 7346 |
| | Philadelphia, PA 19101-7346 |
| 15 | |
| 16 | Matthew Hanson |
| | 2608 S. Lantis Lane |
| 17 | Camp Verde, AZ 86322 |
| 18 | |
| | Unifirst |
| 19 | 104 N. 14th Street |
| 20 | Phoenix, AZ 85034 |
| 21 | |
| | By: /s/Cynthia Johnson |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |